**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-CV-00021-REB-PAC

ETTA B. NOVOTNY and
EDWARD G. NOVOTNY,

    Plaintiffs,

v.

UNITED STATE OF AMERICA and
COLORADO STATE GOVERNMENT,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**Blackburn, J.**

The matter before me is plaintiffs' Motion to Remand [#5], filed January 13, 2005. I putatively have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), which was removed from Colorado state district court on that basis. Finding that this court lacks subject matter jurisdiction, I grant the motion and remand the case.

On July 17, 2002, I entered judgment against the Novotnys in the matter entitled *United States v. Novotny*, Civil Action No. 99-RB-2196 (PAC), in the amount of $383,466.33 for unpaid federal income tax liabilities. Subsequently, I entered an Order of Foreclosure and Decree of Sale providing for the sale of the seven parcels of real property that were at issue in that suit. The Tenth Circuit subsequently affirmed the judgment, and the United States Supreme Court denied the Novotnys' petition for

a writ of certiorari.

In December, 2004, the Novotnys filed a document in the District Court of Montezuma County, Colorado, entitled "Verified Emergency Motion for Order Demanding United States Government Cease and Desist Usurping Colorado State Statutes," essentially challenging the validity of the federal judgment against them. The government timely removed the action to federal court on the basis of federal question jurisdiction. The Novotnys seek to remand the case.

Removal in this case was predicated on the notion that the case arises under federal law, specifically 28 U.S.C. § 2410. (*See* United States' Notice of Removal at 2, ¶ 5.) That statute applies to actions to quiet title to, foreclose a mortgage or other lien on, partition, or condemn any real property in which the United States has a lien. *See* 28 U.S.C. § 2410(a). However, the instant lawsuit does not implicate any such actions. Indeed, the government's lien has already been foreclosed. Rather, by this lawsuit, the Novotnys challenge the validity of the earlier judgment against them. Although such arguments may well be precluded under principles of *res judicata* (*see* United States' Response to Motion to Remand at 3, ¶ 6), the preclusive effect of a prior federal judgment is merely a defense and, pursuant to the well-pleaded complaint rule, will not support removal of state-law claims. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476-78, 118 S.Ct. 921, 925-26, 139 L.Ed.2d 912 (1998).

**THEREFORE, IT IS ORDERED** as follows:

(1) That plaintiffs' Motion to Remand [#5], filed January 13, 2005, is **GRANTED**;

(2) That the memorandum referring the United States' Motion to Dismiss [#10], filed February 8, 2005, is **VACATED** and the reference **WITHDRAWN**;

(3) That for administrative purposes, all other pending motions in this matter are **DENIED AS MOOT**; and

(4) That this case is **REMANDED** to the District Court of Montezuma County, Colorado.

Dated July 21, 2005, at Denver, Colorado.

BY THE COURT:

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge