IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   05-cv-00021-REB-PAC

ETTA B. NOVOTNY, and
EDWARD G. NOVOTNY,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA, and
COLORADO STATE GOVERNMENT,

    Defendant(s).

## ORDER ON MOTION FOR SANCTIONS

Patricia A. Coan, United States Magistrate Judge

    Plaintiffs commenced an action against the United States in the Montezuma County District Court, State of Colorado, on December 6, 2004, by filing a "Verified Emergency Motion for Order Demanding United States Government Cease and Desist Usurping Colorado State Statutes."  The United States removed the action to this court on the ground that plaintiffs' action was founded on a claim or right arising under the laws of the United States of Constitution, *see* 28 U.S.C. §1441.  See United States' Notice of Removal, filed January 6, 2005.  The United States also asserted that removal was proper under 28 U.S.C. §1444 because the state court action was an action to quiet title under 28 U.S.C. §2410.

    Plaintiffs filed a Motion to Remand on January 12, 2005 arguing that their claims pertained solely to matters of state trust law.  The District Judge granted plaintiff's Motion

Civil Action No. 05-cv-00021-REB-PAC
October 17, 2005

to Remand on July 21, 2005, finding that plaintiffs' action was not one to quiet title under 28 U.S.C. §2410; instead, plaintiffs' challenged the validity of this court's earlier judgment against them.[1]  *See* Order Granting Plaintiff's Motion to Remand, filed July 21, 2005.  The District Judge concluded that the preclusive effect of a prior federal judgment did not support removal of state law claims to federal court.  *Id.*

The United States then filed a Motion for Relief from Order Granting Plaintiff's Motion to Remand on August 4, 2005 arguing, *inter alia*, that: plaintiffs' state law action, in which plaintiffs assert that this court lacked subject matter jurisdiction and statutory authority to enter the judgment and orders providing for the sale of the Novotnys' property, requires resolution of questions of federal law; plaintiffs were seeking authorization from the state court to place title to the seven parcels of real property in the name of the trusts who were also named defendants in the earlier action; and, because the federal court retains jurisdiction over three of the seven parcels of real property for which sales are pending.

The District Judge denied the United States' Motion for Relief under 28 U.S.C. §1447(d) of the removal statute without addressing the merits of the government's arguments, concluding that he had not authority to consider the motion.  *See* Order RE:

---

[1] On July 17, 2002, this court entered judgment against the Novotnys in the matter entitled *United States v. Novotny*, Civil Action No. 99-RB-2196 (PAC), in the amount of $282, 466.33 for unpaid federal income tax liabilities.  Subsequently, the court entered an Order of Foreclosure and Decree of Sale providing for the sale of the seven parcels of real property that were at issue in that suit.  The Tenth Circuit affirmed the judgment and the United States Supreme Court denied the Novotnys' petition for certiorari review.

Civil Action No. 05-cv-00021-REB-PAC
October 17, 2005

United States' Motion for Relief from Order Granting Plaintiffs' Motion to Remand, filed September 6, 2005. Section 1447(d) states: "An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise.*" (Emphasis suppled).

Plaintiffs' Motion for Sanctions is largely unintelligible. However, it appears that plaintiffs are asking the court to impose Rule 11 sanctions on the United States for removing plaintiffs' state action to this court without an arguable legal basis for removal.

Fed.R.Civ.P. 11(b)(2) authorizes the court to impose sanctions against a party or an attorney who files a motion asserting legal arguments that are not warranted by existing law, or who makes a frivolous argument for the extension, modification or reversal of existing law or the establishment of new law. The Tenth Circuit has held that 28 U.S.C. §2412(b) waives the United States' sovereign immunity as to Rule 11 sanctions. *Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988).

I find that the imposition of sanctions against the government is not warranted. The United States' Notice of Removal asserted that the Novtonys' state action arose under federal law and appeared to be a quiet title action. The District Judge concluded that the state action was not properly characterized as a quiet title action. Even so, the United States raised colorable arguments in its Motion for Relief from Order as to why the state action arises under federal law.[2] Accordingly, it is

---

[2] In addition, it appears that plaintiffs failed to serve their Motion for Sanction on the United States twenty-one days before filing the motion in this court, as required by Fed.R.Civ.P. 11(c)(1)(A).

Civil Action No. 05-cv-00021-REB-PAC
October 17, 2005

**HEREBY ORDERED** that Plaintiffs' Motion for Sanctions [filed July 29, 2005] is **DENIED**.

Dated October 17, 2005.

BY THE COURT:

_____
PATRICIA A. COAN
United States Magistrate Judge